**ROTHMAN ROCCO, LLP**
3 West Main Street – Suite 200
Elmsford, New York 10523
T: (914) 478-2801
F: (914) 478-2913
*Attorneys for Petitioners*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED SERVICE WORKERS UNION, LOCAL 355, INTERNATIONAL UNION OF JOURNEYMEN AND ALLIED TRADES; UNITED WELFARE FUND – SECURITY DIVISION AND THE TRUSTEES THEREOF; UNITED WELFARE FUND – WELFARE DIVISION AND THE TRUSTEES THEREOF; LOCAL 355, USWU JOINT APPRENTICESHIP TRAINING FUND, IUJAT 401(k) RETIREMENT PLAN, and, USWU LABOR MANAGEMENT CORPORATION FUND, <br><br> Petitioners, <br><br> -against- <br><br> SBT INSULATION LLC a.k.a. SBT MECHANICAL LLC <br><br> Respondent. | Civil Action No.: <br><br> Hon. _____ <br><br> **PETITION TO CONFIRM AN ARBITRATION AWARD** |

**NATURE OF THE PETITION**

This is an action by Petitioners UNITED SERVICE WORKERS UNION, LOCAL 355, INTERNATIONAL UNION OF JOURNEYMEN AND ALLIED TRADES ("Union"), and the UNITED WELFARE FUND – SECURITY DIVISION ("UWF – Sec. Div."), UNITED WELFARE FUND – WELFARE DIVISION ("UWF – Welfare Div."), LOCAL 355, USWU JOINT APPRENTICESHIP TRAINING FUND ("Training Fund"), IUJAT 401(k)

RETIREMENT PLAN ("Plan"), and, USWU LABOR MANAGEMENT CORPORATION FUND ("Corp. Fund") (altogether, collectively, the "Funds") and the TRUSTEES THEREOF ("Trustees") (together with the Union, "Petitioners") seeking to confirm a labor arbitration award in favor of the Union and the Funds dated July 11, 2025 (the "Award," a copy of which is attached hereto as Exhibit "A") against Respondent SBT INSULATION LLC a.k.a. SBT MECHANICAL LLC ("Respondent" or "Employer").

The Award draws its essence from the collective bargaining agreement between the Union and the Respondent; there are no valid grounds for vacatur; and the Respondent has failed to comply with the Award; therefore, the Award must be confirmed.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action to confirm a labor arbitration award pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§1132 and 1145, Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, and the Federal Arbitration Act ("FAA"), 9 U.S.C. §1 *et seq*.

2. Venue properly lies in this District because the underlying events giving rise to the Award occurred in this District.

## THE PARTIES

3. The Union, which maintains its offices at 145 Huguenot Street, New Rochelle, New York 10801 is a voluntary, unincorporated association and is a "labor organization" as defined in Section 2(5) of the LMRA, 29 U.S.C. §152(5).

4. The Funds, which maintain offices at 145 Huguenot Street, New Rochelle, New York 10801 are each "employee benefit plans" as defined in Section 3(1) of ERISA, 29 U.S.C. §1002(1) and are organized pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5).

5. Upon information and belief, at all times hereinafter mentioned, Respondent was and still is a corporation duly created and existing under the laws of the State of New York and doing business at 60 Rocky Hill Road, New Paltz, New York 12561. The Respondent is an "employer" as defined as Section 2(2) of the LMRA, 29 U.S.C. §152(2).

## THE LABOR AGREEMENT CALLS FOR BINDING ARBITRATION

6. The Union entered into a written Collective Bargaining Agreement with the Respondent (inclusive of the Assumption Agreement and the multi-employer collective bargaining agreement between the Long Island and New York Mechanical Contractors' Association (the "Association"), between United Service Workers Union, IUJAT, Local 355 and Long Island and New York Mechanical Contractors' Association, altogether, "Agreement," a copy of which is annexed hereto as Exhibit "B"), which Agreement requires the Respondent to make monthly contribution payments to Fringe benefit Funds on behalf of certain employees and to withhold monthly union membership dues from certain employees and remit those dues to the Union.

7. The Agreement also provides for arbitration of any and all grievances or disputes which arise with respect to the interpretation and application of any of the provisions of the Agreement.

8. Respondent has failed and refused to make appropriate contribution payments due and owing to the Funds under the Agreement and has also failed and refused to remit deducted dues monies to the Union pursuant to the Agreement, despite numerous attempts by the Petitioners to reach an amicable settlement.

9. The Agreement incorporates the United Welfare Fund Agreement and Declaration of Trust (the "Trust Agreement").

10. The Trust Agreement for the Funds specifically provides that the Trustees have the right

to take any action necessary to enforce employers' contribution obligations, including the right to initiate arbitration and designate, in their sole discretion, arbitrators to hear disputes over delinquent contributions and failures to permit an audit.

11. Pursuant to the Trust Agreement, the Trustees are authorized to promulgate policies to facilitate collection and payment of contributions, including, but not limited to, generating Delinquency Collection Guidelines (the "Guidelines," a copy of which is annexed hereto as Exhibit "C"). Under the Guidelines, the Funds' Trustees expressly authorized arbitrator Aaron Shriftman to hear and decide disputes regarding Employer compliance with the Collective Bargaining Agreement.

12. The Employer agreed to the Trustees' express authorization of arbitrator Aaron Shriftman when it signed the Agreement, and when it subsequently acted in accordance with the terms of the Agreement.

13. In addition to requiring the Employer to make specific contributions to the Funds, page 1, Section 3 of the Assumption Agreement ("Assumption Ag.") and pages 13, 15, 16, 20, and 35, Article 14. c), Article 16. e), Article 17. c), Article 18. q), Article 37 of the Agreement between the Union and Respondent ("CBA") (together, "Agreements") expressly bind the Employer to the Funds' Trust Agreement, and to any policies and procedures promulgated by the Trustees in connection therewith. (Ex. B, Assumption Ag. and CBA ("Agreements")).

14. On May 2, 2025, a demand for arbitration served via Certified Mail Return Receipt Requested, First Class Mail, and electronic mail, on behalf of Petitioners, to Respondent, alleging that Respondent had failed and refused to pay dues, fringe benefit fund contributions, Local 355 Joint Apprenticeship Fund, IUJAT 401(k) Retirement Plan Benefits, and USWU Labor Management Fund Dues. (The May 2, 2025 demand for arbitration with delinquency spreadsheet

attachment is annexed hereto as Exhibit "D").

15. On May 30, 2025, the arbitration proceeding was scheduled for June 11, 2025; a hearing notice to that effect was sent via certified mail return receipt requested and email to the Respondent's President at their principal business address. (The May 30, 2025 hearing notice and accompanying email is annexed hereto as Exhibit "E").

16. On June 11, 2025, an arbitration hearing was held before Aaron A. Shriftman, the arbitrator designated in the Agreement, using a video teleconference platform, at which a representative appeared on behalf of Respondent. The Petitioners and Respondent appeared for the arbitration via video teleconferencing and were given the opportunity to present evidence and make arguments. At this hearing, Respondent agreed that it was bound to the Agreements, but that an individual for whom Petitioners seek contributions had resigned. Therefore, Arbitrator Shriftman gave the Employer the opportunity to submit documentation to support its claim. The deadline for the submission was set for June 25, 2025. The same day, Arbitrator Shriftman sent a notice to that effect to the Employer. (The June 11, 2025 notice regarding evidentiary submission is annexed hereto as Exhibit "F"). (*See*, Ex. A, Award, p. 3).

17. Respondent failed and refused to provide any evidence to substantiate its claim that certain delinquencies were not owed. Therefore, the Arbitrator, having examined all of the evidence, proofs and documents submitted by the Petitioners and Respondent, and after due deliberation having come to a decision, duly rendered his Award in writing on July 11, 2025. (Award, Ex. A; *see* Award, Ex. A, p. 3).

19. That the Arbitrator determined the following sums to be due and owing to the Petitioners in accordance with the terms of the Agreement:

United Welfare Fund, Security Division          $ 3,660.67

| | |
|---|---|
| United Welfare Fund, Welfare Division | $ 172.80 |
| Working Assessment | $ 727.99 |
| USWU Labor Management Corporation Fund | $ 1,227.52 |
| Joint Apprentice Training Fund | $ 4,050.83 |
| Local 355, USWU, IUJAT (Dues) | $ 704.00 |
| 401k | $ 2,617.51 |
| Interest (at 1.5% per month) | $ 389.35 |
| Liquidated Damages | $ 1,279.54 |
| **Subtotal 1** | **$ 14,830.21** |
| Attorney's Fees | $ 1,500.00 |
| Arbitration Costs | $ 600.00 |
| **Subtotal 2** | **$ 16,930.21** |

20.    As set out in Paragraph 19 above, in addition to contributions, liquidated damages, and interest, the Arbitrator also ordered that, as per its obligations under the Agreement and related Funds documents, the Employer is also ordered to pay all costs and fees incurred by the Union in grieving this matter:  These costs include: $1,500 for attorney's fees and $600 for costs of arbitration.

21.    The Arbitrator further ordered that, as per its obligations under the Agreement and related Funds documents, the Employer is also ordered to pay interest that accrues at the rate of one and a half percent (1.5%) per month until all payments are received.

22.    Upon information and belief, a copy of the Award was mailed to Respondent, as a copy of the Award was mailed to the Petitioners.

23.    Respondent has, to date, failed and refused to comply with the Award, despite demand to

do so being made, and has not paid any of the amounts awarded by the Arbitrator.

24.     The Award has not been vacated by order of any court of competent jurisdiction and is still in full force and effect.

25.     The Award draws its essence from the Agreement.

26.     There is no basis in law, fact or equity to vacate the Award.

WHEREFORE, your Petitioners respectfully request an Order be made and entered:

1.      Confirming the Award of the Arbitrator, dated and affirmed July 11, 2025; and

2.      Directing judgment to be entered thereon for the sums awarded therein, together with interest thereon from the date of the Award; and

3.      Granting to Petitioners their costs and disbursements, including but not limited to, attorney's fees and arbitration fees, as set forth in the Award; and

4.      For such other equitable and further relief as this Court may deem just and proper.

Dated: Elmsford, New York
September 4, 2025

                              **ROTHMAN ROCCO, LLP**

                              *s/ Elise S. Feldman*
By:_____
            Elise S. Feldman
3 West Main Street – Suite 200
Elmsford, New York 10523
Tel: (914) 478-2801
Fax: (914) 478-2913